**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHENG GUO, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:19-cv-05667-AMD-RML |
| RUHNN HOLDING LIMITED, MIN FENG, LEI SUN, CHAO SHEN, ZHENBO CHI, KE CHENG, SHEK YUEN TING, FENGCHUN JIN, SHANGZHEN LI, ZHENXING SHAO, PEN HUNG TUNG, JUNHONG QI, XIAOCAO XU, CITIGROUP GLOBAL MARKETS INC., UBS SECURITIES LLC and TOP CAPITAL PARTNERS LIMITED, | Hon. Ann M. Donnelly |
| Defendants. | |
| XIAOHAI YAN, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 2:19-cv-06162-SJF-SIL |
| RUHNN HOLDING LIMITED, MIN FENG, LEI SUN, CHAO SHEN, ZHENBO CHI, KE CHENG, SHEK YUEN TING, FENGCHUN JIN, SHANGZHEN LI, ZHENXING SHAO, PEN HUNG TUNG, JUNHONG QI, and XIAOCAO XU, | Hon. Sandra J. Feuerstein |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF WEIMING ZHOU'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND ...................................................................................... 2

II.     PROCEDURAL HISTORY ....................................................................................... 5

III.    ARGUMENT ............................................................................................................. 6

    A.   Consolidation of the Actions Is Appropriate ..................................................... 6

    B.   Appointing Movant as Lead Plaintiff Is Appropriate ........................................ 7

        1.   Movant Filed a Timely Motion. ................................................................. 8

        2.   Movant Has the Largest Financial Interest.................................................. 9

        3.   Movant Satisfies the Relevant Requirements of Rule 23........................... 9

            a.   Movant's Claims Are Typical........................................................ 10

            b.   Movant Is an Adequate Representative. .......................................... 11

    C.   Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ................................... 11

IV.     CONCLUSION....................................................................................................... 12

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp.*,
  264 F.3d 201 (3d Cir. 2001)...................................................................................... 11

*City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................... 10, 11

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
  No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215 (S.D.N.Y. Oct. 4, 2016) ......... 8

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) .................................................................................. 10

*Francisco v. Abengoa, S.A.*,
  No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145 (S.D.N.Y. May 24, 2016) ................. 12

*Inchen Huang v. Depomed, Inc.*,
  289 F. Supp. 3d 1050 (N.D. Cal. 2017) ...................................................................... 12

*Isaacs v. Musk*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717 (N.D. Cal. Nov. 27, 2018), ......... 12

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)................................................................................... 6, 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008)............... 10

*Levin v. Res. Capital Corp.*,
  No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377 (S.D.N.Y. Oct. 5, 2016)................. 12

*Mitchell v. Complete Mgmt., Inc.*,
  Case No. 99-CV-1454 (DAB), 1999 WL 728678 (S.D.N.Y. Sept. 17, 1999)......................... 6

*Polat v. Regulus Therapeutics, Inc.*,
  No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872 (S.D. Cal. Oct. 26, 2017).. 12

*Pope v. Navient Corp.*,
  No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340 (D.N.J. Feb. 2, 2018)............ 12

*Primavera Familienstiftung v. Askin*,
  173 F.R.D. 115 (S.D.N.Y. 1997). ................................................................................... 6

*In re Tesla, Inc. Sec. Litig.*,
  No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018)........... 12

ii

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................... 8, 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................. 10

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................ 6

**Statutes**

15 U.S.C. § 77z-1(a)(3)(A)(i) ................................................................................... 8

15 U.S.C. § 77z-1(a)(3)(B) ....................................................................................... 7

15 U.S.C. § 77z-1(a)(3)(B)(iii) .............................................................................. 7, 9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa) ........................................................................... 8

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ........................................................................ 9

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ............................................................................ 7

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)...................................................................... 11

15 U.S.C. § 77z-1(a)(3)(B)(v).................................................................................. 11

**Rules**

FED. R. CIV. P. 23.................................................................................... 1, 8, 9, 10

Fed. R. Civ. P. 42(a) ............................................................................................ 6, 7

Weiming Zhou ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions, (the "Actions")[1], appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 27 of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons who purchased or otherwise acquired Ruhnn Holding Limited ("Ruhnn" or the "Company") securities pursuant and/or traceable to Ruhnn's Registration Statement issued in connection with Ruhnn's April 3, 2019 initial public stock offering (the "IPO" or "Offering") (the "Class"), against Defendants Ruhnn, Min Feng ("Feng"), Lei Sun ("Sun"), Chao Shen ("Shen"), Zhenbo Chi ("Chi"), Ke Cheng ("Cheng"), Shej Yuen Ting ("Ting"), Fengchun Jin ("Jin"), Shangzhen Li ("Li"), Zhenxing Shao ("Shao"), Pen Hung Tung ("Tung"), Junhong Qi ("Qi"), Xiaocao Xu ("Xu"),  and the Underwriter Defendants[2] (collectively "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of defendants' wrongful conduct as alleged in this

---

[1] The two pending securities class actions are entitled: *Cheng Guo v. Ruhnn Holding Limited et al.*, 1:19-cv-05667-AMD-RML (E.D.N.Y. Oct. 7, 2019) (the "*Guo* Action") and *Xiaohai Yan v. Ruhnn Holding Limited et al.*, 2:19-cv-06162-SJF-SIL (E.D.N.Y. October. 31, 2019) (the "*Yan* Action").

[2] The Underwriter Defendants are Citigroup Global Markets Inc., UBS Securities LLC and Top Capital Partners Limited. The *Yan* Action does not name the Underwriter Defendants in its Class Action Complaint.

1

litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and they will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this Action.

## I.     FACTUAL BACKGROUND[3]

Ruhnn is China's largest key opinion leader ("KOL") facilitator and the largest KOL facilitator in China's e-commerce market. ¶ 28. KOLs are essentially social media influencers, i.e., individuals who create content on social media platforms such as Facebook, YouTube, Tik Tok, and Instagram with the hope of garnering a large public following. *Id*. As a KOL facilitator, Ruhnn contracts with social media influencers who are paid to promote, market, and advertise products and services to their fans and followers. *Id*. Ruhnn recruits, trains, and manages KOLs and provides them with analytical support. *Id*. The Company describes such activities as "incubating" KOLs. *Id*. Ruhnn's KOLs primarily market women's apparel, cosmetics, shoes, handbags, and other fashion products on social media platforms popular in China, such as Miaopai, Tik Tok, and Kuaishou. *Id*.

Ruhnn conducted the IPO in New York and the ADSs sold in the IPO trade in New York on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "RUHN." ¶ 7. The Company maintains a dual voting class structure designed to concentrate control of the Company

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Guo* Complaint") filed in the *Guo* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Guo* Complaint. The facts set forth in the *Guo* Complaint are incorporated herein by reference. Any citation to "*Yan* ¶ __ " are to paragraphs of the Class Action Complaint (the "*Yan* Complaint") filed in the *Yan* Action.

in the hands of Company insiders out of proportion to their economic stake in Ruhnn. *Id*. Class B shares, which were exclusively held by Company insiders, each have ten votes per share, as compared to Class A shares, which entitle their holders to only one vote per share. *Id*.  Each Ruhnn ADS sold in the IPO represents five Class A ordinary shares of the Company. *Id*. After the IPO, Class B shareholders were estimated to control 88.2% of the Company's voting control, and thus to dominate Ruhnn's activities and affairs. *Id*.

Ruhnn's KOLs provide marketing services both to Ruhnn-owned and -operated brands and stores and to Ruhnn's third-party customers. ¶ 29.  The Company describes sales of products through Ruhnn's own stores as the Company's product sales business, which Ruhnn also refers to as its "full-service model." *Id*.  The majority of these online stores are located or hosted on third-party ecommerce platforms and are operated and marketed in the name of Ruhnn's KOLs. *Id*. As of December 31, 2018, Ruhnn purportedly owned and operated 91 online stores. *Id*. Ruhnn earns revenue from these product sales by taking a percentage of the sales price at the time the product is sold. *Id*. The Company's full-service model is its largest and most important operating segment, accounting for over 88% of Ruhnn's total net revenues for the nine months ended December 31, 2018. *Id*.

The Company also derives revenue from its service business, which Ruhnn refers to as its "platform model." ¶ 30. Ruhnn launched its platform model in 2017 to market its KOLs and KOL services to third parties, such as brands, retailers, designers, and manufacturers. As of December 31, 2018, Ruhnn claimed to have over 500 customers using its platform services. *Id*. Ruhnn earns fees for these services under a variety of arrangements. *Id*.

On March 6, 2019, Ruhnn filed a registration statement with the SEC on Form F-1 for the IPO, which, after several amendments, was declared effective on April 2, 2019 (the Form F-1,

together with all amendments, is referred to herein as the "Registration Statement"). ¶ 31. One day later, on April 3, 2019, Ruhnn filed a prospectus for the IPO on Form 424B4 (the "Prospectus"), which incorporated and formed part of the Registration Statement. *Id*. The Registration Statement was used to sell to the investing public approximately 10 million Ruhnn ADSs, representing 50 million Ruhnn Class A ordinary shares, at $12.50 per share. Defendants generated $125 million in gross offering proceeds from their sale of Ruhnn ADSs in the IPO. *Id*.

These representations in the Registration Statement contained untrue statements of material fact because it highlighted the dramatic growth in Ruhnn's net revenues derived from its full-service model but failed to disclose that it had already closed almost 40% of its online stores in the fourth quarter of 2019, which ended March 31, 2019, and preceded the IPO. ¶ 33. Indeed, at the time of the IPO, Ruhnn failed to disclose that: (1) the number of Ruhnn's online stores had declined by nearly 40%; (2) the number of Ruhnn's full-service KOL's had declined by nearly 44%; and (3) as a result, Defendants' statements about Ruhnn's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. *Yan* ¶¶ 26, 30.

Furthermore, the Registration Statement had purported to warn of risks that had passed, and were already coming to pass, or omitted to disclose known risks and adverse developments. ¶ 39. For example, the Registration Statement stated that "[w]e may experience a decrease in purchases on our online stores," when in fact the Company had already closed dozens of stores, lost 44% of its full-service KOLs, and was in the midst of a rapid contraction of its full-service operating segment that predated the IPO. *Id*. Thus, the purported "risk" warnings in the Registration Statement were themselves materially misleading. *Id.*

4

On June 14, 2019, Ruhnn reported its fiscal year and fourth quarter 2019 financial results. ¶ 41. These results were for the quarter prior to the quarter in which the Company had conducted the IPO. *Id*. In the fiscal 2019 press release, Ruhnn reported that, as of March 31, 2019, the Company only had 56 stores in operation, which indicates the Company has closed nearly 40% of the 91 stores defendants reported operating in the Registration Statement. *Id*. In related news, the press release also disclosed that Ruhnn's product sales had fallen 46% sequentially and grown by a meager 1.4% year over year. *Id*. At the same time, the results the Company reported in its service platform business were entirely eclipsed by the meager growth in the full-service product sales business. *Id.*  Revenue from platform services was $7.5 million and $22 million for the quarter and fiscal year, respectively, versus $28 million and $140 million in product sales for the quarter and year. *Id.*  Gross margin across the Company's revenue streams had also declined 80 basis points year over year, reflecting the Company's failure to approach profitability, as its most important operating segment, its full-service segment, had suffered a significant contraction prior to the IPO. *Id*.

Since the IPO, and as a result of the disclosure of material adverse facts omitted from Ruhnn's Registration Statement, Ruhnn's ADSs have fallen substantially below their IPO price, damaging Plaintiff and Class members. ¶ 42.

## II.    PROCEDURAL HISTORY

Pending before this Court are two above-captioned related class actions (the "Actions") against the Defendants. Plaintiff Cheng Guo ("Guo") commenced the first filed action against Ruhnn on October 7, 2019. That same day, counsel acting on Guo's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Gregory Nespole in Support of Movant's

5

Motion ("Nespole Decl.").

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered.15 U.S.C. § 77z-1(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under  the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact.  *See* FED. R. CIV. P. 42(a).  "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation.  *See Mitchell v. Complete Mgmt., Inc.*, No. 99-cv-1454-DAB, 1999 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sep. 15, 1999) ("In securities actions where the complaints are based on the same public statements and reports consolidation is appropriate if there are common questions of law and fact . . . ." (citation and quotations omitted)); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct.  The Actions name substantially the same parties as defendants.  Because they arise from the same facts and circumstances and involve

6

the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.  Accordingly, consolidation under Rule 42(a) is appropriate.  *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

7

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $7,380.87 as a result of his transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Nespole Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion.

On October 7, 2019 pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), counsel for Guo published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service— announcing that a securities class action had been filed against defendants herein and advising purchasers of Ruhnn securities that they had 60 days from the publication of the October 7, 2019 notice to file a motion to be appointed as lead plaintiff. *See* Press Release, Ex. C to Nespole Decl.; *In re Deutsche Bank Aktiengesellschaft Sec. Litig.,* No. 16-CV-03495-AT-BCM, 2016 U.S. Dist. LEXIS 139215, at *4 (S.D.N.Y. Oct. 4, 2016) (filing a notice on *Business Wire* satisfied the PSLRA's notice requirement).

Movant timely filed his motion within the 60-day period following publication of the October 7, 2019 Press Release, submitted herewith a sworn certification attesting that he is willing to serve as a representative of the Class and attaching his transactions in Ruhnn securities. *See* Nespole Decl., Ex. A. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa).

8

**2.    Movant Has the Largest Financial Interest.**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Ruhnn securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged false and misleading statements against Defendants, Movant suffered an approximate loss of $7,380.87. *See* Nespole, Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

**3.    Movant Satisfies the Relevant Requirements of Rule 23.**

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

9

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Emples.' Ret. Sys. v. Hartford Fin. Servs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at *11-12 (S.D.N.Y. Nov. 24, 2008).

### a.      Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 U.S. Dist. LEXIS 95506, at *12. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Ruhnn's business, operations and financial prospects, violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Ruhnn securities pursuant to the Registration Statement. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a

result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Movant's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Nespole Decl., Ex. B. Finally, Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

### C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and will retain the firm as the Class's Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Nespole Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the

11

federal securities laws on behalf of investors. *See Isaacs v. Musk*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 200717, at *20 (N.D. Cal. Nov. 27, 2018), *reconsideration denied sub nom. In re Tesla, Inc. Sec. Litig.*, No. 18-CV-04865-EMC, 2018 U.S. Dist. LEXIS 212238 (N.D. Cal. Dec. 17, 2018) (noting Levi & Korsinsky "is experienced in securities fraud litigation and has been appointed Lead Counsel in other securities class actions."); *Francisco v. Abengoa, S.A.*, No. 15-cv-6279 (ER), 2016 U.S. Dist. LEXIS 68145, at *21 (S.D.N.Y. May 24, 2016) (noting that given "Levi & Korsinsky's track record, the Court, like many others in this Circuit before it, concludes that the firm is qualified to serve as lead counsel of the class"); *Levin v. Res. Capital Corp.*, No. 15-cv-7081 (LLS), 2015 U.S. Dist. LEXIS 162377, at *4 (S.D.N.Y. Oct. 5, 2016) (appointing Levi Korsinsky as lead counsel and noting that it is "a firm which is well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions"); *Pope v. Navient Corp.*, No. 17-cv-8373 (RBK/AMD), 2018 U.S. Dist. LEXIS 17340, at *13–14 (D.N.J. Feb. 2, 2018) (appointing Levi & Korsinsky as lead counsel as it "is clearly capable of handling this matter—the firm has extensive experience in private securities litigation and has received numerous favorable judgments in its past representations."); *Inchen Huang v. Depomed, Inc.,* 289 F. Supp. 3d 1050, 1055 (N.D. Cal. 2017) (appointing Levi Korsinsky as lead counsel); *Polat v. Regulus Therapeutics, Inc.*, No. 3:17-cv-00182-BTM-RBB, 2017 U.S. Dist. LEXIS 177872, at *3 (S.D. Cal. Oct. 26, 2017) (same). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as lead plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such

other relief as the Court may deem just and proper.

Dated: December 6, 2019                                    Respectfully Submitted,

                                                                                          **LEVI & KORSINSKY, LLP**

                                                                                         By:  /s/ *Gregory M. Nespole*
Gregory M. Nespole (GN-6820)
55 Broadway, 10th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: gnespole@zlk.com

*Lead Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

13